R. J. McGowan *vs.* Amable Petit, Eleam Petit & Fredrick Colbert.

It devolves on the legislature (Sec. 9, Organic Act) to provide a mode in which the appellate power of this court is to be exercised.

The statute of 1875 repealed prior laws relating to the review of cases in this court; and in Section 16, page 24, enacted that where a case was tried by *the court* it should be reviewed in this court upon the evidence introduced during the trial below, and specified how, in each case, the evidence was to be authenticated, and shown to be all the evidence introduced upon the trial below.

Unless it satisfactorily appears that the transcript contains all the evidence introduced at the trial in the court below, this court is without jurisdiction and must dismiss the appeal.

The ruling in the case of *Light vs. Pincus & Packscher*, at this term, affirmed.

Appeal from the Second Judicial District holding terms at Kalama.

*Wm. Strong & Sons* for appellant.

*A. C. Gibbs* for appellee.

Opinion by Lewis, Chief Justice.

This cause is here on appeal from the decree of the Dis-

trict court of the Second Judicial District, dismissing the plaintiff's bill.    Questions of much moment were raised and decided in the court below, which have been here most ably argued by the learned counsel.

After careful consideration this court had reached the conclusion to affirm the decree of the District court, but a careful examination of the record before us, discloses that we have no jurisdiction in the premises.

The legislative assembly of the Territory have deemed it expedient from time to time to enact numerous amendments to our Civil Practice Acts.

And especially as to appellate proceedings in this court, and our last legislative assembly repealed all former statutes of appeal, and enacted an entirely new and different statute upon that subject, from any we have before had.

The statutes heretofore enforced had been fully construed by this court, and were understood by the bar, so that there was little difficulty in getting a case properly before the court for review.

The system enacted by the last legislature, doubtless is an excellent one, but it does not "dove-tail" in with our Practice Act, and we are, as it were, at sea again upon the question of appeal.

As to the wisdom of such legislation, that is a question solely for the legislature; that the result is most embarrassing to the bar, and expensive to the parties litigant, there is no doubt.

While it is very annoying to this court to dismiss causes brought here for argument and decision, on the merits, it is our duty to expound the law as enacted by the legislature, and whenever it is apparent that we have no jurisdiction of a cause, it must be dismissed.

By the provisions of Section 9, of the Organic Act, it is the duty of the legislature to determine the mode in which the appellate jurisdiction of this court shall be exercised; referring

to Section 16, page 24, acts of 1875, it is enacted, that, "where a cause is tried by the court, * * the Supreme court shall hear and determine the same, whenever it shall appear, from the certificate of the judge, agreement of the parties, or their attorneys, or in *case the evidence consists wholly of written testimony, from the certificate of the clerk*, that the transcript contains *all the evidence introduced by the parties in the court below*."

There is no certificate of the judge, or agreement of the parties or their attorneys, that the evidence upon which this cause was heard, in the court below, is here, neither is it made to appear that the evidence consists wholly of written testimony; in fact, the clerk has not certified any evidence, here, whatever; he certifies that the transcript contains the "journal entries, pleadings, and proceedings," not that it contains *all the evidence introduced by the parties in the court below*.    We held, in the case *Light vs. Pincus and Packscher*, on motion decided, at this term, that to warrant this court in exercising jurisdiction in causes here on appeal, which were tried upon written evidence, that it must affirmatively appear from the clerk's certificate, that all the evidence, introduced in the court below, is here. We are satisfied that such ruling is correct, and that such fact is one, going to the jurisdiction.    It follows, that on the case here made, by the record, there is nothing before us for decision, hence, the appeal must be dismissed.